The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following question:
 Who is responsible to hire/fire a deputy prosecuting attorney in his capacity as a county attorney?
In my opinion, the answer to your question depends on whether the county has specifically hired the deputy prosecuting attorney as its county attorney pursuant to A.C.A. § 16-21-114 (Supp. 1989).
Counties are given the authority in A.C.A. § 16-21-114 to hire county attorneys by quorum court ordinance. When a county hires a county attorney pursuant to this statute, that attorney performs all civil duties assigned to the prosecuting attorney by state law or county ordinance. See A.C.A. § 16-21-114(d) (Supp. 1989). If a county chooses not to hire a separate county attorney, the prosecuting attorney performs those civil duties for the county. While state law apparently no longer requires prosecuting attorneys to represent counties in all civil matters, prosecutors are still required to represent the quorum court unless otherwise provided by county ordinance, see A.C.A. §14-14-902(b) (1987), and to perform any other civil duties imposed upon them by law or ordinance. See, e.g., A.C.A. §7-4-106 (1987); A.C.A. § 26-27-318(g) (1987).
Your opinion request leads me to believe that the county in question has not specifically hired the deputy prosecuting attorney as its county attorney pursuant to § 16-21-114. Rather, it appears that the deputy prosecuting attorney is merely performing those civil duties for the county that are imposed upon him by law. In that circumstance, it is my opinion that the county may not fire the deputy prosecuting attorney in his capacity as county attorney. The prosecuting attorney for the judicial district appears to have sole authority over the hiring (appointment) and firing of deputy prosecuting attorneys, except that appointments must be approved by the judge of the circuit court of the district. See A.C.A. § 16-21-113(a) and (g) (Supp. 1989). The county could, however, hire a separate county attorney pursuant to A.C.A. § 16-21-114, which would essentially remove any civil duties of the deputy prosecuting attorney.
On the other hand, if the county specifically hired the deputy prosecuting attorney to represent it pursuant to A.C.A. §16-21-114, it is my opinion that the county quorum court could fire that person in his capacity as county attorney and hire another county attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General